IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOYCE BRUCE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )     CASE NO. 2:16-cv-722-GMB |
| | ) |
| GOLDEN CORRAL CORPORATION, | ) |
| | ) |
|     Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

Before the court is a Motion to Dismiss (Doc. 4) filed by Defendant Golden Corral Corporation ("Golden Corral") and two Motions for Leave to File Amended Complaints filed by Plaintiff Joyce Bruce (Docs. 7 & 14). For the reasons that follow, the court finds that the motions are due to be denied.

### **I. PROCEDURAL HISTORY**

Plaintiff Joyce Bruce maintains that she slipped and fell at a Golden Corral restaurant in Montgomery, Alabama on August 3, 2014, and that she sustained severe personal injuries as a result. On August 3, 2016, the last day that Bruce could timely file a personal injury claim,[1] she filed a lawsuit against Golden Corral and other fictitious parties in the Circuit Court of Montgomery County, Alabama, asserting claims for negligent failure to maintain, negligent failure to inspect, negligent failure to warn, and wantonness. Doc. 1-1.

---

[1] The statute of limitations for personal injury claims in Alabama is two years. *See* Ala. Code § 6-2-38(1).

On September 1, 2016, Golden Corral timely removed Bruce's lawsuit on the basis of diversity jurisdiction. Doc. 1.  That same day, Golden Corral moved to dismiss Bruce's complaint, arguing that it neither owns nor operates the restaurant in question. Doc. 4.  In response to Golden Corral's motion to dismiss, Bruce argued that counsel's mere statements that Golden Corral did not own or operate the restaurant in question, without submitting any evidentiary support for this statement, was not a sufficient basis to dismiss Bruce's complaint under Federal Rule of Civil Procedure 12(b)(6). Doc. 9.  Bruce also filed a motion to amend her complaint to assert her claims against two additional defendants, Alisha Lawny and ELJ Dining, LLC ("ELJ Dining"). Doc. 7.  The proposed amended complaint attached to Bruce's motion, however, did not allege the citizenship of either Lawny or EJR Dining, which left the court unable to determine what effect, if any, the proposed amendment would have on its subject matter jurisdiction.  As a result, on September 23, 2016, the court ordered Bruce to file a revised motion to amend along with a revised proposed amended complaint that properly alleged the citizenship of each party[2] for purposes of diversity jurisdiction no later than September 30, 2016. Doc. 10.

Bruce did not comply with the court's September 23, 2016 order.  In fact, it was not until the court ordered Bruce a second time to file a revised motion to amend that she complied.  Even then, Bruce's response did not correct the jurisdictional deficiencies outlined in the court's September 23, 2016 order.  Indeed, Bruce's second proposed

---

[2] Bruce also fails to allege properly her own citizenship as well as the citizenship of Golden Corral in her first and second proposed amended complaints. *See* Docs. 7 & 14.  However, since Golden Corral's notice of removal sufficiently alleges its own citizenship as well as the citizenship of Bruce, and because these allegations are uncontroverted, the court will consider their citizenships established for purposes of diversity jurisdiction.

2

amended complaint removes Alisha Lawny and ELJ Dining as defendants, maintains Bruce's claims against Golden Corral, and adds CPB Foods LLC ("CPB Foods") as a defendant,[3] but Bruce again fails to allege the citizenship of CPB Foods properly for purposes of diversity jurisdiction. Doc. 14.

Golden Corral did not address Bruce's argument that counsel's statement that Golden Corral did not own or operate the restaurant in question was an insufficient basis to dismiss her complaint under Rule 12(b)(6). Instead, on November 7, 2016, Golden Corral responded to Bruce's second motion for leave to amend by arguing that the motion should be denied because Bruce sought to amend her complaint to add a new defendant instead of filing a motion to substitute CPB Foods for Golden Corral as the proper defendant. Doc. 16.

## II.  DISCUSSION

**A.     Bruce's Motions to Amend**

As the court explained in its September 23, 2016 order, when a plaintiff moves to amend after removal, 28 U.S.C. § 1447(e) applies instead of Rule 15(a) of the Federal Rules of Civil Procedure. *See Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 862 (11th Cir. 1998); *Kaplan v. Divosta Homes, L.P.*, 2007 WL 1427916, at *2 (M.D. Fla. May 14, 2007). Section 1447(e) states: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  Under § 1447(e), the court has

---

[3] Bruce asserts the same claims against CPB Foods as she does against Golden Corral in her second proposed amended complaint. Doc. 14.

discretion when deciding whether to allow amendment. In so doing, the court typically analyzes (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for the amendment; (3) whether the plaintiff will be significantly injured if the amendment is not allowed; and (4) any other factors bearing on the equities. *See Bevels v. Am. States Ins. Co.*, 100 F. Supp. 2d 1309, 1313 (M.D. Ala. 2000).

The problem here is that conducting an analysis of the § 1447(e) factors based on the record currently before the court would put the proverbial cart before the horse. That is because an analysis of the § 1447(e) factors presupposes that the joinder of an additional defendant would destroy the court's subject matter jurisdiction, but the court does not have sufficient information to make this threshold determination. As a limited liability company, CPB Foods is treated as a citizen of any state where one of its members is a citizen. *See Rolling Greens MHP, L.P. v. Comcast SCH Holidays, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Bruce's second proposed amended complaint, however, does not allege the citizenship of any of CPB Foods' members,[4] and without that information the court cannot determine its citizenship for purposes of diversity jurisdiction. It follows that without the information necessary to determine CPB Foods' citizenship, the court is ill-equipped to make an informed decision with respect to Bruce's requested amendment under § 1447(e).

---

[4] Although Bruce's second motion for leave to amend does state that CPB Foods has a corporate address in Kentucky, this allegation is not contained in the proposed second amended complaint and, even if it were, it is not sufficient to establish CPB Foods' citizenship for purposes of diversity jurisdiction.

The court has given Bruce multiple opportunities to set forth the correct jurisdictional allegations in her proposed amended complaints, *see* Docs. 10 & 13, and Bruce has failed to comply.  For these reasons, the court finds that Bruce's motions for leave to amend are due to be DENIED.[5]

**B.     Golden Corral's Motion to Dismiss**

Having denied Bruce's motions for leave to amend her complaint, the court looks to Bruce's original complaint when resolving Golden Corral's motion to dismiss.  In her complaint, Bruce alleges, among other things, that she slipped and fell at Golden Corral's "property" in Montgomery, Alabama and that she injured herself as a result. Doc. 1-1.  At the motion to dismiss stage, the court must accept Bruce's factual allegations as true and construe them in the light most favorable to her. *See Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994–95 (11th Cir. 1983).  The allegations in Bruce's complaint, when accepted as true and taken in the light most favorable to her, state plausible claims for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (11th Cir. 2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (internal quotation marks omitted).  While Golden Corral argues in its motion to dismiss that it does not own or operate the property in question and that it should therefore be dismissed from Bruce's lawsuit, the ownership of the property in question is a fact outside

---

[5] Golden Corral's argument that Bruce should have moved to substitute CPB Foods for Golden Corral as the proper defendant, rather than seeking leave to amend to add a new defendant, is misplaced.  Federal Rule of Civil Procedure 25 allows for the substitution of parties only in the event of death, incompetence, and other circumstances not present here. *See* Fed. R. Civ. P. 25.

the four corners of the complaint, and therefore cannot be considered at this stage of the proceedings. Moreover, even it could consider this fact,[6] the only support Golden Corral has put before the court on this issue is the argument of its counsel, but statements and arguments of counsel are not evidence and do not establish facts. *See, e.g.*, *United States v. Smith*, 918 F.2d 1551, 1562 (11th Cir. 1990). For these reasons, the court finds that Golden Corral's motion to dismiss is due to be DENIED.

### III.  CONCLUSION

Accordingly, it is ORDERED as follows:

1. Defendant Golden Corral's motion to dismiss (Doc. 4) is DENIED; and

2. Plaintiff Bruce's motions for leave to amend (Docs. 7 & 14) are DENIED.

DONE this 5th day of December, 2016.

/s/ Gray M. Borden
UNITED STATES MAGISTRATE JUDGE

---

[6] On a Rule 12(b)(6) motion to dismiss, the scope of the district court's review is generally limited to the four corners of the complaint. *Speaker v. U.S. Dep't of Health & Hum. Servs., Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010). There are exceptions to this rule, such as when an extrinsic document is central to the plaintiff's claim and its authenticity is not challenged or when a matter is judicially noticeable, but those exceptions do not apply here. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *SFM Holdings, Ltd. v. Banc of Am. Secs., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010).